**JS-6**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| HERBALIFE INTERNATIONAL OF AMERICA, INC., a Nevada corporation, and HERBALIFE INTERNATIONAL, INC., a Nevada corporation,<br><br>Plaintiffs,<br><br>v.<br><br>HEALTHY1 INC., a New York corporation, ALICE MARTINEZ, an individual, and DOES 1-10,<br><br>Defendants. | Case No. 2:18-cv-6378-JFW-JC<br><br>**JUDGMENT ON DEFAULT AND PERMANENT INJUNCTION** |

# JUDGMENT ON DEFAULT
# AND PERMANENT INJUNCTION

Having considered the Motion for Default Judgment ("Motion") filed by Plaintiffs Herbalife International of America, Inc. and Herbalife International, Inc. (collectively, "Plaintiffs"), it is HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. Plaintiffs' Motion is GRANTED.

2. Pursuant to Federal Rule of Civil Procedure 55(b)(2), default judgment is entered in this matter against Defendant Healthy1 Inc. and Defendant Alice Martinez on Plaintiffs' claims for trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114 (Count I of the Complaint); unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A) (Count III); common law trademark infringement (Count V); unfair and deceptive business practices in violation of Cal. Bus. and Prof. Code § 17200, et seq. (Count VI); and tortious interference with contracts and business relationships (Count VII).

3. Plaintiffs' claims for false advertising in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B) (Count II) and trademark dilution in violation of the Lanham Act, 15 U.S.C. § 1125(c) (Count IV) are dismissed.

4. Pursuant to 15 U.S.C. § 1117(a), Plaintiffs are awarded damages in the form of Defendants' profits. Having considered the documentary evidence submitted with the Motion, the Court has determined that Plaintiffs are entitled to recover Defendants' profits in the amount of $8,419,400.75.

5. This Judgment also constitutes a permanent injunction. *See* 15 U.S.C. § 1116(a). The injunctive relief provisions of this Judgment apply to Defendants as well as their agents, owners, servants, employees, and all persons or entities in

active concert or participation with Defendants (collectively, the "Enjoined Parties").

6. Plaintiffs have valid and subsisting trademarks. These trademarks include, but are not limited to: HERBALIFE® (U.S. Trademark Registration Nos. 4,402,483, 3,324,677, 2,512,368, 1,969,346, 1,811,780, 1,254,211), HERBALIFE24® (Registration No. 4,647,525), HERBALIFELINE® (Registration No. 1,406,425), CELL ACTIVATOR® (Registration No. 3,116,689), TRI-SHIELD® (Registration No. 3,137,237), XTRA-CAL® (Registration No. 3,739,538), PROLESSA® (Registration No. 4,301,688), THERMO-BOND® (Registration No. 1,934,165), and TOTAL CONTROL® (Registration No. 2,832,678) (collectively, the "Herbalife Trademarks"). Herbalife International, Inc. owns the Herbalife Trademarks and has licensed them to Herbalife International of America, Inc., its wholly-owned subsidiary.

7. The Enjoined Parties are:
   (a) Prohibited from advertising or selling all Herbalife products or products bearing the Herbalife Trademarks through **any storefront** on www.amazon.com ("Amazon"), including, **but not limited to**, the Amazon storefronts that are currently called "Wellnesss," "Well Living," and "Good4U" and which have Merchant ID numbers of A17A08LX4JCPCW, A2TH0ZFOR07JJL, and A2VWL6OXI1VVE2, respectively;
   (b) Prohibited from advertising or selling all Herbalife products or products bearing the Herbalife Trademarks through **any storefront** on www.ebay.com ("eBay");
   (c) Prohibited from advertising or selling, through any medium (including all Internet and non-Internet channels), all Herbalife products or products bearing the Herbalife Trademarks;

(d) Prohibited from using any of the Herbalife Trademarks in any manner, including advertising on the Internet,

(e) Prohibited from importing, exporting, manufacturing, producing, distributing, circulating, selling, offering to sell, advertising, promoting, or displaying any and all Herbalife products as well as any products bearing any of the Herbalife Trademarks;

(f) Prohibited from disposing of, destroying, altering, moving, removing, concealing, or tampering with any records related to any products sold by them which contain the Herbalife Trademarks including: invoices, correspondence with vendors and distributors, bank records, account books, financial statements, purchase contracts, sales receipts, and any other records that would reflect the source of the products that Defendants have sold bearing these trademarks; and

(g) Required to take all action to remove from the Enjoined Parties' websites and online storefronts any reference to any Herbalife products or any of the Herbalife Trademarks.

8. The Enjoined Parties must disclose to Plaintiffs the contact information and identities of every individual and entity that has provided the Enjoined Parties with Herbalife products and products bearing the Herbalife Trademarks.

9. Pursuant to Rule 65(d)(2) of the Federal Rules of Civil Procedure, this Order is binding upon the following persons who receive actual notice of it: the parties, the parties' officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with the parties or the parties' officers, agents, servants, employees, and attorneys.

/ / /

10. Doe Defendants 1-10 are dismissed from this action with prejudice.

**IT IS SO ORDERED.**

**SIGNED** and **ENTERED** this 8th day of July 2019.

_____
Hon. John F. Walter
United States District Judge