NOTE: CHANGES MADE BY THE COURT

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| HERBALIFE INTERNATIONAL OF AMERICA, INC., and HERBALIFE INTERNATIONAL, INC., | Case No. 2:18-cv-6378-JFW-JC |
| Plaintiffs, | **STATEMENT OF DECISION DENYING MOTION TO SET ASIDE JUDGMENT AND PERMANENT INJUNCTION (DOC. 42)** |
| v. | |
| HEALTHY1 INC., ALICE MARTINEZ, and DOES 1-10, | |
| Defendants. | |

On November 14, 2019, Defendants Alice Martinez ("Martinez") and Healthy1 Inc. (collectively, "Defendants") filed a motion under Federal Rule of Civil Procedure 60(b) ("Motion") to set aside the default judgment and permanent injunction this Court entered on July 8, 2019.  In their Motion, Defendants assert that they were not properly served with process and were unaware of this action until September 2019, after the entry of judgment.  On November 25, 2019, Plaintiffs Herbalife International

of America, Inc. and Herbalife International, Inc. (collectively, "Plaintiffs") filed an Opposition to the Motion along with sworn declarations and other evidence.  On December 2, 2019, Defendants filed a Reply to their Motion.  After considering the papers and evidence, the Court denies Defendants' Motion for the following reasons.

## I.  Relevant Factual and Procedural Background

On July 24, 2018, Plaintiffs filed their Complaint in this action.  Plaintiffs alleged that Defendants are liable for trademark infringement, unfair competition, and other torts because they have sold massive amounts of non-genuine goods bearing Plaintiffs' registered trademarks ("Infringing Products"), including on the websites www.amazon.com ("Amazon") and www.ebay.com ("eBay").

On August 15, 2018, Plaintiffs filed an affidavit regarding service of process on Martinez.  (Doc. 16.)  In the affidavit, process server William Maseroni swore that he personally served Martinez with Plaintiffs' Complaint and this Court's summons at 45-31 192nd Street, Flushing, NY 11358 (the "192nd Street Residence") at 7:01 p.m. on August 6, 2018.  Maseroni swore that he knew he had served Martinez because: (1) he identified Martinez with a photograph of Martinez that was attached to his affidavit and which had been provided by Plaintiffs; and (2) a private investigator accompanied Maseroni and identified the person he served as Martinez.  Maseroni also swore that a photograph of Martinez was taken at the time of service by the private investigator.  Maseroni attached to his affidavit two photographs of Martinez that had been taken from Martinez's profile page on www.facebook.com ("Facebook"); he did not attach the photograph that the investigator took of Martinez at the time of service.

On August 27, 2018, Plaintiffs filed an affidavit regarding service of process on Healthy1 Inc. by Maseroni.  In this affidavit, Maseroni swore that he served Healthy1 Inc. by: (1) delivering Plaintiffs' complaint and this Court's summons to a person of suitable age and discretion at the residence of Healthy1 Inc.'s registered agent, Hanyue Zhou, and then (2) mailing the materials to Zhou at his residence.  Maseroni swore that he traveled to 322 Ellington Avenue E., Garden City, NY 11530 (the "Ellington

Residence") and spoke with a man who identified himself as "Mr. Chou."  Mr. Chou stated that he resided with Zhou, was Zhou's friend, and was willing to accept the legal materials for Zhou.  Maseroni delivered the materials to Mr. Chou on August 16, 2018 at 7:20 p.m. and mailed the materials to Zhou at the Ellington Residence on August 17, 2018.

On September 21, 2018, Plaintiffs filed a request for entry of default against Defendants by the Clerk pursuant to Federal Rule of Civil Procedure 55(a).  Along with their request, Plaintiffs submitted corporate documents that had been filed for Healthy1 Inc. which showed that Martinez had signed the certificate of incorporation for Healthy1 Inc. and identified herself as the "PRESIDENT" of Healthy1 Inc. Plaintiffs asserted that Martinez was personally served on August 6, 2018 and that Healthy1 Inc. was served on two occasions: (1) through the personal service of Martinez on August 6 because Martinez is an officer of Healthy1 Inc.; and also (2) through the substitute service on Zhou on August 16, 2018.  Plaintiffs also submitted a certificate that Healthy1 Inc. had filed with the New York Department of State on August 14, 2018 to change the registered agent of Healthy1 Inc. from Zhou to another individual, Zhiyong Lu, and explained that this action did not affect the validity of the August 16 service on Healthy1 Inc. because, under New York law, a change in a corporation's registered agent is not effective until 30 days after a certificate changing the registered agent is filed.  *See* N.Y. Bus. Corp. § 305(d).  On September 27, 2018, the Clerk entered a default against Martinez and Healthy1 Inc.

On October 9, 2018, Plaintiffs moved for leave to seek limited discovery from Amazon.com, Inc. and PayPal, Inc. to allow them to prove Defendants' sales of Infringing Products through their online storefronts on Amazon and eBay.  This Court granted Plaintiffs' motion on October 17, 2018.  Plaintiffs filed a motion for entry of default judgment against Defendants on May 28, 2019, and this Court entered default judgment against Defendants on July 8, 2019.  The judgment included a permanent injunction and awarded Plaintiffs $8,419,400.75 in the form of Defendants' disgorged

profits, which Plaintiffs had proven through sales records obtained from Amazon.com, Inc. through discovery.[1]

On November 5, 2019, Defendants appeared for the first time in this case and filed a motion under Rule 60(b) to set aside the July 8 judgment.  After this Court struck Defendants' motion for failure to comply with meet-and-confer requirements in Local Rule 7-3 and this Court's Standing Order, Defendants refiled their Motion without change on November 14, 2019 after counsel for Defendants and Plaintiffs met in person and were unable to resolve the issues in the Motion.

In their Motion, Defendants contend that the judgment must be vacated because they were not served with process.  Martinez swears that, at the time she was allegedly personally served at the 192nd Street Residence at 7:01 p.m. on August 6, 2018, she resided at a different address—356 Underhill Avenue, Bronx, NY 10473 (the "Underhill Residence")—and was not present at the 192nd Street Address.  Martinez concedes that the photographs attached to Maseroni's affidavit of service are photographs of her, but contends that they are "outdated" and argues that Maseroni's affidavit should be distrusted because it reports that Martinez was personally served at the 192nd Street Residence while Plaintiffs alleged in their complaint that Martinez resides at the Underhill Residence.  The only evidence Defendants submitted with their Motion is an affidavit of Martinez and a utility bill for the Underhill Residence covering the "billing period" of August 1, 2018 – September 11, 2018 that lists Martinez as the account holder.[2]

On November 25, 2019, Plaintiffs filed an Opposition to the Motion that included substantial evidence showing that Defendants were properly served,

---

[1] Plaintiffs filed proofs of service showing that they had mailed their motion for default judgment, motion for leave to seek limited discovery, and other materials to Defendants during the pendency of this action.

[2] In the Motion, Defendants also argue that Healthy1 Inc. was not properly served because, in Defendants' view, New York law does not permit a New York corporation to be served in the manner Maseroni conducted.

including affidavits of Maseroni and two private investigators who assisted in the investigation of Defendants, as well as other materials.  The evidence collectively shows that, after Plaintiffs filed their complaint, the investigators—Michael Jaczewski and Anthony Chan—determined that Martinez likely did not reside at the Underhill Residence because property records showed that Martinez had sold the residence to a New York corporation called A G L O International Group Inc on November 21, 2017.  The investigators ultimately concluded that Martinez could likely be found at the 192nd Street Residence because: (1) social media accounts showed that Martinez appeared to be married to a man named Larry Olsen, who resided at the 192nd Street Address; and (2) corporate filings for a Florida corporation called Alma Investment Group Inc identified Martinez and Larry Olsen as officers of the corporation and listed the 192nd Street Residence as the address for both Martinez and Olsen.

Plaintiffs' evidence shows that, before Maseroni attempted to serve Martinez at the 192nd Street Residence, investigators Chan and Jaczewski downloaded photographs of Martinez from her Facebook page.  The investigators also obtained records from the New York State Department of Motor Vehicles which showed that Martinez had registered a Toyota minivan with the State of New York with a license plate of "GPW9014," while Olsen had registered a Cadillac sedan with the State of New York with a license plate of "HTS7534."

Plaintiffs' evidence shows that Maseroni and Chan traveled together to the 192nd Street Residence on August 6, 2018 in search of Martinez.  When they arrived, Maseroni and Chan saw that the vehicles registered to Martinez and Olsen were parked in the driveway of the 192nd Street Residence, which Chan photographed. Maseroni then knocked on the front door of the 192nd Street Residence and Martinez opened the door.  Maseroni and Chan both recognized Martinez from her photographs on Facebook, and Chan took a photograph of Martinez while she spoke to Maseroni. Although an outer wrought iron door remained closed during the conversation, Martinez stood in the open front doorway immediately behind the iron door and was

plainly visible to Maseroni and Chan, as can be seen in the photograph Chan took (which Plaintiffs have submitted to the Court).  Maseroni ultimately left Plaintiffs' complaint and the Court's summons wedged in the outer iron door because Martinez refused to open the outer iron door.  According to Maseroni and Chan, Martinez saw Maseroni leave the materials in the door and knew that the materials were for her. Maseroni and Chan also swear that, after they returned to their vehicle in front of the 192nd Street Residence, they saw Larry Olsen open the outer iron door of the residence and take the legal materials Maseroni had left wedged in the door.

Maseroni and Chan also swear that they personally served Martinez again in a separate, unrelated case on March 27, 2019.  This personal service occurred at 20-30 169th Street, Flushing, NY 11357 (the "169th Street Residence") after Maseroni and Chan initially looked for Martinez at the 192nd Street Residence, observed numerous signs that the residence had been vacated, and determined that Martinez may be located at the 169th Street Residence.  During this encounter, both Martinez and Larry Olsen answered the door of the 169th Street Residence, Maseroni and Chan each recognized Martinez from when she had been personally served by Plaintiffs on August 6, 2018, and Martinez stated affirmatively that she was Alice Martinez.

Plaintiffs contend that their evidence shows that Martinez was properly served on August 6, 2018, has had notice of this lawsuit since that time, and has lied to the Court in her affidavit.  Along with their supporting declarations, Plaintiffs have submitted numerous materials including the photographs of Martinez that were downloaded from her Facebook page; the photograph of Martinez that Chan took at the time of service on August 6, 2018; motor vehicle registration records for Martinez and Olsen's vehicles which show that Martinez most recently registered her vehicle on  May 8, 2018; photographs Chan took of Martinez's vehicle in the driveway of the 192nd Street Residence on August 6, 2018 immediately before Martinez answered the door of the residence; copies of corporate filings for Alma Investment Group Inc from the Florida Department of State website which identify Martinez and Olsen as officers

of the corporation and list the 192nd Street Residence as the address for both Martinez and Olsen; a written report from investigator Jaczewski dated August 7, 2018 that explained how the investigators connected Martinez to the 192nd Street Residence; and an affidavit of service that Maseroni completed regarding his personal service of Martinez on March 27, 2019 in the unrelated matter.

## II.   Legal Standards

A defendant must move under Federal Rule of Civil Procedure 60(b) to set aside a final default judgment.  Fed. R. Civ. P. 55(c).  When a defendant contends that it was not served with summons and a complaint, it may move to vacate a default judgment as "void" under Rule 60(b)(4).  *See SEC v. Internet Solutions for Bus., Inc.,* 509 F.3d 1161, 1165 (9th Cir. 2007).  If the plaintiff filed an affidavit of service, however, the default judgment can be set aside only if the defendant shows by "strong and convincing evidence" that it was not served with process.  *United States v. Cannon,* No. 11-06461-KAW, 2013 U.S. Dist. LEXIS 178508, *5-7 (N.D. Cal. Dec. 19, 2013) (collecting cases).  This is because "[a] signed return of service constitutes prima facie evidence of valid service 'which can be overcome only by strong and convincing evidence.'"  *Internet Solutions,* 509 F.3d at 1166 (quoting *O'Brien v. R.J. O'Brien & Assocs., Inc.,* 998 F.2d 1394, 1398 (7th Cir. 1993)).[3]  To carry this burden, a defendant cannot simply rely on an affidavit stating that it was not served.

---

[3] In their Reply, Defendants contend that it is Plaintiffs' burden to show that Defendants were properly served because, in *Internet Solutions,* the court considered a defendant who admitted that it had notice of a proceeding but asserted that it was not served with process.  509 F.3d at 1165-66.  As noted in *Cannon,* 2013 U.S. Dist. LEXIS 178508, at *6, however, courts have interpreted *Internet Solutions* to mean that the defendant has the burden of showing improper service, even if it asserts that it lacked actual notice of a proceeding, if the plaintiff filed an affidavit of service signed by a process server.  This is because the Ninth Circuit held in *Internet Solutions* that "[a] signed return of service constitutes prima facie evidence of valid service."  *Id.* (quoting *Internet Solutions,* 509 F.3d at 1166).  In any event, even if it is Plaintiffs' burden to show that Defendants were properly served, the Court concludes that Plaintiffs have met that burden.

*Finishmaster, Inc. v. Blue Lake Motors, Inc.*, No. CV 17-4389 PA, 2018 U.S. Dist. LEXIS 227991, at *6-7 (C.D. Cal. May 11, 2018); *Lerma v. Stylistics L.A. Car Club*, No. CV 12-06704 DDP, 2015 U.S. Dist. LEXIS 8048, at *7 (C.D. Cal. Jan. 23, 2015); *Craigslist, Inc. v. Hubert*, 278 F.R.D. 510, 513 & n.7 (N.D. Cal. 2011) (collecting cases).

Defendants also request relief under Rule 60(b)(1).  But even if this subsection is available to litigants who—like Defendants—assert that they had no notice of an action until after judgment was entered, requests for relief under Rule 60(b)(1) should be denied when the "defendant's culpable conduct led to the default."  *See Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108-09 (9th Cir. 2000) (explaining that grounds on which a Rule 60(b)(1) motion can be denied are "disjunctive," meaning that a motion should be denied if any of the grounds is true); *Verizon Cal. Inc. v. Onlinenic, Inc.*, 647 F. Supp. 2d 1110, 1122 & n.9 (N.D. Cal. July 27, 2009) (same); *BNC Mortg., Inc. v. Causey*, No. CV 07-5387-JFW, 2008 U.S. Dist. LEXIS 126737, *4-5 (C.D. Cal. Apr. 24, 2008) (same).  A defendant's conduct is "culpable" if "he has received actual or constructive notice of the filing and intentionally failed to answer." *Life Alert Emergency Response, Inc. v. Lifewatch, Inc.*, No. 2:08-cv-02184-CAS, 2014 U.S. Dist. LEXIS 69984, *12 (C.D. Cal. May 19, 2014) (quoting *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988)).

Accordingly, no matter what subsection of Rule 60(b) Defendants' motion is considered under, resolution of the motion rests on the answer to the same question: have Defendants shown by "strong and convincing" evidence that they were not served with process and lacked notice of this action?

## III.   **Discussion**

In this case, the evidence is overwhelming that Martinez was personally served at the 192nd Street Residence on August 6, 2018.  The Court has reviewed the evidence submitted by Plaintiffs, including the photographs of Martinez's vehicle in

the driveway of the 192nd Street Residence, the photographs of Martinez from her Facebook page that Martinez acknowledges are photographs of her, and the photograph of Martinez that was taken at the time of service.  The Court concludes that Plaintiffs' evidence shows that Martinez answered the door of the 192nd Street Residence on August 6, 2018 and was personally served with process.[4]  Through this service, Healthy1 Inc. was also served with process because Martinez is an officer of Healthy1 Inc.  *See* N.Y. CPLR § 311(a)(1) (personal service on a New York corporation can be accomplished by delivering summons to an "officer" of the corporation).[5]

The Court also finds it compelling that, despite having every opportunity to do so, Defendants have submitted no evidence in support of their Motion except for

---

[4] Thus, this Court would deny Defendants' Motion even if Defendants did not bear the burden of showing that service was improper.  *See Craigslist*, 278 F.R.D. at 513-15 & n.6 (holding that Court would deny Rule 60(b) motion even if defendant did not bear burden of showing improper service because plaintiff proved that defendant was properly served).

[5] In their Reply, Defendants do not address N.Y. CPLR § 311(a)(1) and argue only that Healthy1 Inc. was not properly served through substitute service on Healthy1 Inc.'s registered agent on August 16, 2018.  This issue is irrelevant because of the personal service of Martinez, Healthy1 Inc.'s president, but the Court also agrees with Plaintiffs that the substitute service was proper under New York law.  *See* Fed. R. Civ. P. 4(h)(1)(A) & 4(e)(1); N.Y. CPLR § 311(a)(1) (providing that a New York corporation may be served with process by service on the corporation's registered agent and that "[a] business corporation may also be served pursuant to section three hundred six . . . of the business corporation law"); N.Y. Bus. Corp. § 306(a) ("Service of process on a registered agent may be made in the manner provided by law for the service of a summons, as if the registered agent was a defendant."); N.Y. CPLR § 308(2) (a natural person may be served by delivering a summons "to a person of suitable age and discretion at the . . . dwelling place or usual abode of the person to be served and by . . . mailing the summons to be served at his or her last known residence . . ."); *Arain v. Double R. Remodeling, Inc.*, No. 6:08-cv-2036-Orl-28KRS, 2009 U.S. Dist. LEXIS 135565, *4-5 (M.D. Fla. Nov. 10, 2009) (applying New York law and concluding that plaintiff properly served corporate defendant by leaving materials with person of suitable age and discretion at registered agent's place of business and then mailing materials).

Martinez's affidavit and a utility bill for the Underhill Residence during August 2018 in Martinez's name.  A defendant cannot rely merely on its own self-serving affidavit to rebut evidence of proper service, *Craigslist*, 278 F.R.D. at 513, and the utility bill does not show that Martinez was ***not present*** at the 192nd Street Residence on August 6, 2018 at 7:01 p.m.[6]  Apart from Martinez's affidavit, Defendants have submitted no evidence showing that Martinez was not present at the 192nd Street Residence or otherwise contradicting Plaintiffs' evidence—for example, evidence that Plaintiffs' photographs are actually not of Martinez or that her vehicle was not parked in the driveway of the 192nd Street Residence.  In their Reply, Defendants do not address most of the evidence Plaintiffs submitted with their Opposition.

The Court also notes that Defendants have dramatically changed their arguments—and contradicted their previous arguments—as Plaintiffs have submitted evidence of proper service.  Plaintiffs have shown that, before filing their Motion, Defendants told Plaintiffs that the photographs in the process server's affidavit of service are not of Martinez and that Martinez has "no idea" what the 192nd Street Residence is.  In their Motion, however, Defendants conceded that the photographs ***are*** of Martinez and did not assert that Martinez has no connection to the 192nd Street Residence—Martinez swore instead merely that she did not "reside" at the Residence or "have any purpose for being" at the Residence at 7:00 p.m. on August 6, 2018.  Then, in their Reply, Defendants have pivoted from arguing that Martinez was not

---

[6] In her Motion and Reply, Defendants repeatedly assert that Martinez resided at the Underhill Residence on August 6, 2018—not the 192nd Street Residence—and criticize Plaintiffs for not attempting to serve Martinez at the Underhill Residence. This argument is irrelevant to the issue of proper service, as nothing in Fed. R. Civ. P. 4(e)(2)(A) or NY CPLR § 308(1)—providing for personal service—requires an individual to be served at her residence.  Nonetheless, the Court finds that Plaintiffs' evidence amply shows why they did not attempt to serve Martinez at the Underhill Residence, how they connected Martinez to the 192nd Street Residence, and that Martinez was the woman who answered the front door of the 192nd Street Residence on August 6, 2018 and was personally served by Plaintiffs.

present at the residence to essentially admitting her presence but contending that she was nonetheless not properly served because she did not open the outer iron door to accept the legal materials from the process server.  This legal argument has been wholly rejected by New York case law.[7]  After considering Defendants' contradictory arguments and Plaintiffs' overwhelming evidence, this Court concludes that Martinez's affidavit is simply not credible, Defendants were properly served, and that Defendants' Motion therefore must be denied.  *See Internet Solutions*, 509 F.3d at 1166 ("The defendant who chooses not to put the plaintiff to its proof, but instead allows default judgment to be entered and waits, for whatever reason, until a later time to challenge the plaintiff's action, should have to bear the consequences of such delay.").

**IV.    Conclusion**

For all the foregoing reasons, Defendants' Motion is DENIED.

Dated: December 5, 2019                    _____
                                          Hon. John F. Walter
                                          U.S. District Judge

---

[7] *E.g., Bossuk v. Steinberg*, 58 N.Y. 2d 916, 918 (1983) (personal service under NY CPLR § 308(1) can be accomplished by leaving materials in "general vicinity" of person who resists service: "thus . . . if the person to be served interposes a door between himself and the process server, the latter may leave the summons outside the door provided the person to be served is made aware that he is doing so.").